# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**DAVID THOMAS,**

    **Plaintiff,**

**vs.**                     **CASE NO.:**

**CREDIT ONE BANK, N.A.,**

    **Defendants.**           /

## COMPLAINT

1.    "Robocalls" are the #1 consumer complaint in America today.

2.    In 2016, there were almost 4,000,000 complaints reported to the Federal Communications Commission (FCC) and the Federal Trade Commission (FTC) concerning robocalls—3,857,627 to be exact.[1] In 2015 and 2014, the robocall complaints reached 2,636,477 and 1,949,603, respectively.[2] It is important to

---

[1] *National Do Not Call Registry Data Book FY 2016, October 1, 2015 – September 30, 2016*, FEDERAL TRADE COMMISSION (Dec. 2016), https://www.ftc.gov/system/files/documents/reports/national-do-not-call-registry-data-book-fiscal-year-2016/dnc_data_book_fy_2016_post.pdf; *Consumer Complaints Data – Unwanted Calls, FCC – Open Data*, FEDERAL COMMUNICATIONS COMMISSION, https://opendata.fcc.gov/Consumer-and-Government-Affairs/Consumer-Complaints-Data-Unwanted-Calls/vakf-fz8e.

[2] *National Do Not Call Registry Data Book FY 2015*, FEDERAL TRADE COMMISSION (Nov. 2015), https://www.ftc.gov/system/files/documents/reports/national-do-not-call-registry-data-book-fiscal-year2015/dncdatabookfy2015.pdf; *Consumer Complaints Data – Unwanted Calls, FCC – Open Data*, FEDERAL COMMUNICATIONS COMMISSION, https://opendata.fcc.gov/Consumer-and-Government-Affairs/Consumer-Complaints-Data-Unwanted-Calls/vakf-fz8e; *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, FEDERAL COMMUNICATIONS COMMISSION, https://apps.fcc.gov/edocs_public/attachmatch/DOC-333676A1.pdf; *National Do Not Call Registry Data Book FY 2014*, FEDERAL TRADE COMMISSION (Nov. 2014), https://www.ftc.gov/system/files/documents/reports/national-do-not-call-registry-data-book-fiscal-year2014/dncdatabookfy2014.pdf.

recognize these merely reflect the number of individuals that complained to these agencies; the number of people that have been victimized by robocalling abuse could be close to 100,000,000 in the last 3 years.

3.      "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank*, F.S.B., 746 F. 3d 1242, 1256 (11th Cir. 2014). Despite the penalties put in place over 26 years ago, robocall abuse continues to skyrocket.

4.      Plaintiff, David Thomas, alleges Defendant, Credit One Bank, N.A., robocalled him more than 3000 times in stark violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA") and the Georgia Fair Business Practices Act, O.G.C.A. § 10-1-393 et. seq. ("GFBPA").

5.      Robocalls are very inexpensive to make. As was noted in a Senate hearing on the subject: "With such a cheap and scalable business model, bad actors can blast literally tens of millions of illegal robocalls over the course of a single day at less than 1 cent per minute." Stopping Fraudulent Robocall Scams: Can More Be Done?: Hearing Before the Subcomm. on Consumer Prot., Prod. Safety, and Ins. of the S. Comm. on Commerce, Sci., and Transp., 113 Cong. 113-117 (2013)

(statement of Lois Greisman, Assoc. Director, Division of Marketing Practices, Bureau of Consumer Protection, Federal Trade Commission).

6.     The TCPA was enacted to prevent companies like Credit One Bank, N.A. from invading American citizens' privacy and to prevent illegal robocalls.

7.     Congress enacted the TCPA to prevent real harm. Congress found that "automated or pre-recorded calls are a nuisance and an invasion of privacy, regardless of the type of call" and decided that "banning" such calls made without consent was "the only effective means of protecting telephone consumers from this nuisance and privacy invasion." Pub. L. No. 102-243, §§ 2(10-13) (Dec. 20, 1991), codified at 47 U.S.C. § 227; *see also Mims v. Arrow Fin. Servs.*, LLC, 132 S. Ct. 740, 744 (2012) ("The Act bans certain practices invasive of privacy").

8.     According to findings by the FCC—the agency Congress vested with authority to issue regulations implementing the TCPA—such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

## JURISDICTION AND VENUE

9.     Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

10.     The alleged violations described in the Complaint occurred while

Plaintiff was in the State of Georgia, and occurred within this district. Additionally, the Defendant conducts regular and systematic business activities in this district such that venue is proper in the Atlanta area and in the area of Auburn.

## FACTUAL ALLEGATIONS

11.      Plaintiff is a natural person, and citizen of the State of Georgia living in Auburn, Georgia.

12.      Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692(a)(3) and O.G.C.A. § 10- 1-392(a)(6).

13.      Plaintiff is an "alleged debtor."

14.      Plaintiff is the "called party." *See Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014); *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

15.      Defendant is a bank supervised by the Federal Deposit Insurance Corporation (FDIC) with its principal place of business in Las Vegas, Nevada, and conducts business in the State of Georgia and regularly conducts business in Atlanta, Georgia.

16.      Defendant is a "debt collector" as defined by 15 U.S.C. § 1692(a)(6).

17.      The debt that is the subject matter of this complaint is a "consumer debt" as defined by 15 U.S.C. § 1692(a)(5).

18.      Plaintiff is the regular user and carrier of the cellular telephone number at issue, (407) 774-8502 and the home phone number of (470) 214-0884.

4

19.     Plaintiff was the "called party" during each phone call subject to this lawsuit.

20.     Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

21.     The alleged debt belonged to Plaintiff, arising out of a credit card transaction with Defendant on a credit card account that was primarily used for Mr. Thomas's personal, family, or household purposes.

22.     In or around November 1, 2016, Plaintiff received a telephone call to his aforementioned cellular telephone number from Defendant seeking to recover a credit card debt from the Plaintiff.

23.     Immediately upon receipt of the calls, after November 1, 2016, Plaintiff answered a call from Defendant and explained that he felt harassed by all of the calls, and demanded that Defendant stop calling his aforementioned cellular telephone number.

24.     In or around November, 2016, during the aforementioned phone conversation with Defendant's agent/representative, Plaintiff expressly revoked any express consent Defendant may have mistakenly believed it had for placement of telephone calls to Plaintiff's aforementioned cellular telephone number by the use of an ATDS or a pre-recorded or artificial voice.

25.     Defendant attempted to collect a debt from the Plaintiff by this

5

campaign of telephone calls.

26.     Defendant made at least one call to (407) 774-8502.

27.     Defendant made at least one call to (407) 774-8502 using an "automatic telephone dialing system" (ATDS).

28.     Defendant made at least ten (10) calls to (407) 774-8502.

29.     Defendant made at least ten (10) calls to (407) 774-8502 using an ATDS.

30.     Defendant made at least one hundred (100) calls to (407) 774-8502.

31.     Defendant made at least one hundred (100) calls to (407) 774-8502 using an ATDS.

32.     Defendant made at least two hundred fifty (250) calls to (407) 774-8502.

33.     Defendant made at least two hundred fifty (250) calls to (407) 774-8502 using an ATDS.

34.     Defendant made at least five hundred (500) calls to (407) 774-8502.

35.     Defendant made at least five hundred (500) calls to (407) 774-8502 using an ATDS.

36.     Defendant made at least one thousand (1000) calls to (407) 774-8502.

37.     Defendant made at least one thousand (1000) calls to (407) 774-8502 using an ATDS.

38.     Defendant made at least fifteen hundred (1500) calls to (407) 774-

6

8502.

39.     Defendant made at least fifteen hundred (1500) calls to (407) 774-8502 using an ATDS.

40.     Defendant made at least two thousand (2000) calls to (407) 774-8502.

41.     Defendant made at least two thousand (2000) calls to (407) 774-8502 using an ATDS.

42.     Defendant made at least three thousand (3000) calls to (407) 774-8502.

43.     Defendant made at least three thousand (3000) calls to (407) 774-8502 using an ATDS.

44.     Each call the Defendant made to (407) 774-8502 in the last four years was made using an ATDS.

45.     Each call the Defendant made to the Plaintiff's cell phone was done so without the "express permission" of the Plaintiff.

46.     Each call the Defendant made to the Plaintiff was made using an ATDS, which has the capacity to store or produce telephone numbers to be called, without human intervention, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C § 227(a)(1).

47.     Furthermore, many of the calls at issue were placed by the Defendant using a "prerecorded voice," as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

48.     Defendant has stipulated in another lawsuit that the telephone system

used to call the Plaintiff was in fact an ATDS.

49.     Plaintiff repeatedly requested the Defendant to stop calling his cell phone, however, the Defendant continued to make calls.

50.     Plaintiff's conversations with the Defendant demanding an end to the harassment were ignored.

51.     Defendant has recorded at least one conversation with the Plaintiff.

52.     Defendant has recorded numerous conversations with the Plaintiff.

53.     Defendant has made approximately three thousand (3000) calls to Plaintiff's aforementioned cellular telephone number from in or about November of 2016 until today, which will be established exactly once Defendant turns over their dialer records.

54.     Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of abusive robocalls.

55.     Defendant has been sued in federal court where the allegations include: calling an individual using an ATDS after the individual asked for the calls to stop.

56.     By effectuating these unlawful phone calls, Defendants have caused Plaintiff the very harm that Congress sought to prevent—namely, a "nuisance and invasion of privacy."

57.     Defendant's aggravating and annoying phone calls trespassed upon and interfered with Plaintiff's rights and interests in his cellular telephone and

cellular telephone line, by intruding upon Plaintiff's seclusion.

58.      Defendant's phone calls harmed Plaintiff by wasting his time.

59.      Moreover, "wireless customers [like Plaintiff] are charged for incoming calls whether they pay in advance or after the minutes are used." In re: Rules Implementing the TCPA of 1991, 23 FCC Rcd 559, 562 (2007). Defendant's phone calls harmed Plaintiff by depleting the battery life on her or his cellular telephone, and by using minutes allocated to Plaintiff by her or his cellular telephone service provider.

60.      Defendant's corporate policy and procedures are structured as to continue to call individuals like the Plaintiff, despite these individuals revoking any consent the Defendant may have mistakenly believed it had.

61.      Defendant's, corporate policy and procedures provided no means for the Plaintiff to have her or his aforementioned cellular number removed from the call list.

62.      Defendant has a corporate policy of using an ATDS or a prerecorded or artificial voice message to collect debts from individuals such as Plaintiff for its financial benefit.

63.      Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this complaint. The Defendant has been sued civilly in Federal Court 361 times since 2014 (obtained from PACER on September 19, 2017).

64.     In the last 3 years, the Defendant has had 984 complaints reported to the Better Business Bureau (BBB), of which 703 of those complaints are classified as being related to "Billing/Collection Issues."[3]

65.     Plaintiff expressly revoked any consent Defendant may have mistakenly believed it had for placement of telephone calls to Plaintiff's aforementioned cellular telephone by the use of an ATDS or a pre-recorded or artificial voice immediately upon Defendant's placement of the calls.

66.     Defendant never had the Plaintiff's express consent for placement of telephone calls to his aforementioned cellular telephone by the use of an ATDS or a pre-recorded or artificial voice.

67.     None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

68.     Defendant violated the TCPA with respect to the Plaintiff.

69.     Defendant willfully or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I
(Violation of the TCPA)

70.     Plaintiff incorporates Paragraphs one (1) through sixty-nine (69).

71.     Defendant willfully violated the TCPA with respect to the Plaintiff

---

[3] *Credit One Bank, Reviews & Complaints*, BETTER BUSINESS BUREAU, https://www.bbb.org/southern-nevada/business-reviews/credit-cards-and-plans/credit-one-bank-in-las-vegas-nv-48541/reviews-and- complaints.

each time they called the Plaintiff after he revoked his consent to being called by them using an ATDS or pre- recorded voice.

72.    Defendant knowingly violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff revoked his consent to being called by them using an ATDS or pre-recorded voice.

73.    Defendant, Credit One Bank, N.A., repeatedly placed non-emergency telephone calls to the wireless telephone number of Plaintiff using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

74.    As a result of Defendant's illegal conduct, Plaintiff suffered actual damages and, under § 227(b)(3)(B), is entitled to, inter alia, a minimum of $500.00 in damages for each such violation of the TCPA.

75.    Plaintiff is also entitled to, and does, seek injunctive relief prohibiting Defendant, Credit One Bank, N.A., from violating the TCPA in the future.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages and any other such relief the court may deem just and proper.

## COUNT II
(Violation of the GFBPA)

76.    Plaintiff incorporates Paragraphs one (1) through sixty-nine (69).

77.     Defendant violated 15 U.S.C. § 1692, as set forth above, deemed a violation of the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1).

78.     The GFPBA directs liberal interpretation and application, as well as harmony with the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1).

79.     Defendant regularly uses repeated, unauthorized phone calls in its debt collection efforts.

80.     As a result of Defendant's violations of O.G.C.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.G.C.A. § 10-1-399(a).

81.     Defendant's actions were intentional and/or knowing, rendering it liable for exemplary damages pursuant to O.G.C.A. § 10-1-399(d).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder of future illegal conduct, and any other such relief the court may deem just and proper.

## COUNT III
(Invasion of Privacy – Intrusion Upon Seclusion)

82.     Plaintiffs incorporates Paragraphs one (1) through sixty-nine (69).

83.     Defendant through its collection conduct, has repeatedly and intentionally invaded Plaintiff's privacy.

84.     All of the calls made to Plaintiff's cell phone by Defendant and its agents using an automatic telephone dialing system were made in violation of the

TCPA, and were unreasonable and highly offensive invasions of Plaintiff's right to privacy.

85.     Defendant's persistent autodialed calls to both his cellular phone and home telephone eliminated Plaintiff's right to be left alone.

86.     Defendant's autodialed collection calls disrupted Plaintiff's privacy, disrupted Plaintiff's sleep, disrupted Plaintiff during mealtimes, and continually frustrated and annoyed Plaintiff.

87.     These persistent autodialed collection calls eliminated the peace and solitude that the Plaintiff would have otherwise had in Plaintiff's home and anywhere else Plaintiff went with his cellular phone.

88.     By calling both his home phone and cellular phone, Plaintiff had no escape from these collection calls either in his home or when he left the home.

89.     By persistently autodialing Plaintiff's cellular phone without prior express consent, Defendant invaded Plaintiff's right to privacy, as legally protected by the TCPA, and caused Plaintiff to suffer concrete and particularized harm.

90.     Defendant's harassing collection conduct and tactic of repeatedly auto dialing Plaintiff to both his cellular and home telephone after requests to stop is highly offensive to a reasonable person.

91.     Defendant intentionally intruded upon Plaintiff's solitude and seclusion.

92.     As a result of Defendant's action or inaction, Plaintiff has been

damaged.

93.     The harassing call conduct and the repetitive, auto-dialed calls to Plaintiff have caused emotional harm and distress, embarrassment, aggravation, and other losses.

94.     The calls to Plaintiff by Defendant are harassing, aggravating and highly intrusive.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant for punitive damages and such other and further relief as the Court shall deem just and proper.

## COUNT IV
### (Intentional Infliction of Emotional Distress)

95.     Plaintiff incorporates Paragraphs one (1) through sixty-nine (69).

96.     The Defendant's conduct in repeatedly and incessantly calling Plaintiff more than 3000 times on his cellular phone and more than 500 times on his home telephone with the knowledge that such calls were unwanted and unauthorized was willful, wanton, reckless, and of such a character as to shock the conscience of a reasonable observer.

97.     Defendant knew Plaintiff was disabled and that its conduct was reasonably likely to result in emotional distress of such a degree that physical harm would be a reasonably likely and proximate result of such conduct.

98.     During one or more phone calls, Plaintiff suffered an actual emotional

distress.

99.     The symptoms and conditions associated with Plaintiff's distress constitute a physical injury under Florida law.

100.    Plaintiff's distress was proximately caused by Defendant's outrageous, unlawful and reckless treatment during this time period. At all material times, Defendant knew Plaintiff to be vulnerable to emotional injury if treated in such a manner by anyone.

101.    Plaintiff's suffering and the treatment which proximately caused Plaintiff to experience the distress caused grave and extreme mental anguish and emotional trauma, for which Defendants should be held accountable.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees and any other such relief the court may deem just and proper.

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rule 7.1(D), the undersigned counsel for Plaintiffs certifies that this document has been prepared in Times New Roman, 14-point font, which is one of the fonts and point selections approved by the Court in Local Rule 5.1(B).

Dated this 29th day of September, 2017.

Respectfully submitted,

/s/ Heather H. Jones
Heather H. Jones, Esq. (Pro hac vice forthcoming)
Florida Bar No.: 0118974
THE CONSUMER PROTECTION FIRM, PLLC
210-A South MacDill Avenue
Tampa, FL 33609
Telephone: (813) 500-1500, ext. 205
Facsimile: (813) 435-2369
Heather@TheConsumerProtectionFirm.com
Billy@TheConsumerProtectionFirm.com
Brenda@TheConsumerProtectionFirm.com
*Attorney for Plaintiff*

/s/ Carlos V. Leach
Carlos V. Leach, Esq.
Georgia Bar No.: 488443
Florida Bar No.: 540021
THE LEACH FIRM, P.A.
1950 Lee Road, Suite 213
Winter Park, Florida 32789
Direct: (321) 287-6021
Facsimile: (407) 960-4789
cleach@theleachfirm.com
*Attorney for Plaintiff*